**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| White Spire Energy, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L.E. Jones Operating, Inc.,<br><br>Defendant. | Case No. CIV-26-299-JAR<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff White Spire Energy, LLC ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Class Action Complaint against L.E. Jones Operating, Inc. ("Defendant"), and alleges and states the following.

**SUMMARY**

1. This class action concerns Defendant's willful and ongoing violations of Oklahoma law related to the interest owed on untimely payments of proceeds derived from the sale of oil and gas production to those legally entitled thereto.

2. Oklahoma's Production Revenue Standards Act ("PRSA") requires holders of proceeds derived from the sale of oil and gas production, like Defendant here, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute. 52 O.S. § 570.10(D).

3. The PRSA imposes automatic interest on late payments. Compliance with the PRSA is not optional, and the statute contains no demand requirement before an owner is entitled to statutory interest.

4. Defendant knows it is bound by statute to pay interest on late payments but has consistently ignored these obligations and deliberately violated Oklahoma law.

5. Upon information and belief, Defendant does not automatically pay the interest it owes on untimely payments of oil and gas proceeds. Instead, upon information and belief, it has a policy of only paying statutory interest when those legally entitled thereto demand it, despite the fact that no such demand requirement exists.

6. Upon information and belief, Defendant knows that most interest owners will never make demand for statutory interest or bring an individual action therefor, and consequently Defendant has a financial incentive not to automatically pay statutory interest.

7. Plaintiff brings this class action to recover damages for itself and all similarly situated persons and entities who received untimely payments from Defendant, or hold assigned claims arising from those payments, for which Defendant did not pay the interest required by the PRSA.

## PARTIES

8. Plaintiff White Spire Energy, LLC is an Oklahoma limited liability company. Its sole member, Scott White, is domiciled in Edmond, Oklahoma. Plaintiff is therefore a citizen of the State of Oklahoma.

9. Effective January 1, 2026, Plaintiff owns mineral interests in Love County, Oklahoma, described as the E/2 NE/4 and E/2 W/2 NE/4 of Section 316S-1W, Love County, Oklahoma ("Plaintiff's Mineral Interest").

10.

11. Defendant L.E. Jones Operating, Inc. is an Oklahoma domestic for-profit business corporation in existence with its principal place of business in Duncan, Oklahoma. Defendant may be served with process by serving its registered agent, Barry Duren, at 15 South 10th Street, Duncan, Oklahoma 73533.

12. Defendant is in the business of producing oil and gas and constituent products from oil and gas properties in which the putative Class members hold interests.

13. Defendant remits proceeds from oil and gas production to Plaintiff and the putative Class members.

14. Defendant remitted proceeds attributable to the North Pike Sanders PH 11(5/21) and Ollivee #1-31 wells located in Section 31-6S-1WLove County, Oklahoma, in which Plaintiff owns the Plaintiff's Mineral Interest. The oil and gas wells identified in this paragraph are referred to as the "Wells."

15. At all times relevant to the claims asserted in this Class Action Complaint, Defendant was obligated to pay oil and gas proceeds to Plaintiff and the putative Class.

**JURISDICTION & VENUE**

16. The preceding allegations are fully incorporated by reference.

17. This Court has original jurisdiction over the claims asserted in this Complaint under 28 U.S.C. § 1332(d) because this is a class action in which the aggregate amount in

controversy exceeds $5,000,000, exclusive of interest and costs; upon information and belief, the proposed Class contains more than 100 members; and, upon information and belief, at least one absent Class member is a citizen of a State different from Defendant.

18. This Court has personal jurisdiction over Defendant because it has minimum contacts with this District related to the claims in this case.

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in, and a substantial part of the property that is the subject of this action is situated in, Love County, Oklahoma, within this District.

## FACTUAL ALLEGATIONS

20. The preceding allegations are fully incorporated by reference.

21. The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto . . . commencing not later than six (6) months after the date of first sale, and . . . thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

22. When a holder fails to pay oil and gas proceeds within those timelines, the holder automatically owes interest on the late payment. See id. § 570.10(D)(1)–(2). No notice or demand is required before an owner is entitled to statutory interest. See, e.g., *Pummill v. Hancock Expl. LLC*, 419 P.3d 1268, 1272 (Okla. Civ. App. 2018); *Cline v. Sunoco, Inc.*, Case No. 17-CV-313-JAG, 2019 WL 6720206, at *7 (E.D. Okla. Dec. 10, 2019).

23. Despite this clear statutory obligation, Defendant does not automatically pay interest on all late payments.

24. Instead, upon information and belief, Defendant only pays statutory interest to owners who demand it, even though the statute contains no such demand requirement.

25. For example, on June 18, 2026, Defendant issued check number 463053 to Smith Holdings, LLC, Plaintiff's assignor, in the amount of $746.83 for proceeds attributable to oil production from the Wells.

26. The June 18, 2026 payment included $66.59 in proceeds attributable to March 2026 oil production from the North Pike Sanders PH 11(5/21) well in Love County, Oklahoma.

27. The March 2026 proceeds paid on June 18, 2026, were not proceeds from the first sale of production from the North Pike Sanders PH 11(5/21) well.

28. Under the PRSA, Defendant was required to pay the March 2026 proceeds no later than May 31, 2026.

29. Defendant's June 18, 2026 payment of the March 2026 proceeds was untimely.

30. The June 18, 2026 check voucher contains no line item for statutory interest, and Defendant did not pay statutory interest on the untimely March 2026 proceeds.

## CLASS ACTION ALLEGATIONS

31. The preceding allegations are fully incorporated by reference.

32. Plaintiff brings this action on behalf of itself and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class ("Class"):

> All non-excluded persons or entities who: (1) received late payments under the PRSA from Defendant (or Defendant's designee) for oil and gas proceeds from Oklahoma wells, or whose proceeds from Oklahoma wells were sent as unclaimed property to a government entity by Defendant,; and (2) whose payments or proceeds did not include the statutory interest required by the PRSA.
>
> Excluded from the Class are: (1) Defendant, its affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any Indian Tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

33. Upon information and belief, absent Class members entitled to interest owing on Defendant's late payments number in the hundreds, if not thousands. Defendant operates and/or pays proceeds for numerous Oklahoma wells, and there are commonly dozens of owners in each well. Thus, the Class is so numerous that joinder of all members is impracticable.

34. The questions of fact and law common to the Class include:

1. Whether Plaintiff and the Class own legal interests in Oklahoma properties upon which Defendant has an obligation to pay oil and gas proceeds;
2. Whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Class on any late payments under the PRSA;
3. Whether Defendant's failure to pay interest to Plaintiff and the Class on any late payments constitutes a violation of the PRSA; and

4. Whether Defendant is obligated to pay interest on future late payments under the PRSA.

35. Plaintiff's claims are typical of the Class because each Class member's claims arise from Defendant's same course of conduct and the same statutory obligation.

36. Defendant treated Plaintiff and the Class in the same way by failing to pay the required interest on late payments under the PRSA.

37. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

38. The averments of fact and questions of law in this Class Action Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

1. There is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;
2. The claims of many individual members of the Class are likely to be small such that it would be impractical for individual members to enforce their rights through individual actions;
3. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought in this Class Action Complaint against Defendant relating to its failure to pay interest owing on the late payment of oil and gas proceeds as required by law;
4. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

5. The difficulties in managing this case as a class action will be slight in relation to the benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions—including an economy of scale and comprehensive supervision by a single court;
6. Upon information and belief, members of the Class can be readily identified and notified based upon the records maintained by Defendant; and
7. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant, and Defendant is likely to continue this conduct knowing that most Class members will not have the financial ability to bring individual actions for relief.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

40. The preceding allegations are incorporated by reference.

41. Plaintiff brings this cause of action on behalf of itself and the Class.

42. Section 570.10 of the PRSA requires Defendant to pay oil and gas proceeds according to the applicable statutory time periods.

43. The PRSA further requires Defendant to automatically pay interest when it makes payments outside of the applicable statutory time periods.

44. In violation of the PRSA, when Defendant ultimately made the late payments at issue, including the payment giving rise to Plaintiff's claim, Defendant did not pay the interest required by the PRSA.

45. Defendant's failure to pay interest under the PRSA was knowing and intentional. Defendant is aware of its statutory obligations to automatically pay interest on

late payments, but instead, upon information and belief, only pays interest when owners demand it.

46. Defendant's failure to pay interest it owes under the PRSA has caused Plaintiff and the Class to suffer harm.

## DEMAND FOR JURY TRIAL

47. Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

48. An order certifying and allowing this case to proceed as a class action with Plaintiff as Class representative and the undersigned counsel as Class counsel;

49. An order requiring Defendant to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Defendant's breaches and unlawful conduct, including, without limitation, the compounded interest on late payments as required by law;

50. An order requiring Defendant to pay interest in the future, as required by law, to Plaintiff and the Class;

51. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this Class Action Complaint;

52. An order requiring Defendant to pay the Class's attorney fees and litigation costs as provided by statute; and

53. Such costs and other relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ *Brady L. Smith*

Brady L. Smith, OBA #30727
Harry "Skeeter" Jordan, OBA #32437
BRADY SMITH LAW, PLLC
One Leadership Square, Suite 1320
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 293-3029
Brady@BLSmithLaw.com
Skeeter@BLSmithLaw.com

ATTORNEYS FOR PLAINTIFF